Filed 12/23/21  P. v. Robinson CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DWAYNE ROBINSON,<br><br>    Defendant and Appellant. | A161994<br><br>(Alameda County<br>Super. Ct. No. HC162995-<br>1, 162995) |

Dwayne Robinson appeals from an order denying a petition seeking resentencing under Penal Code section 1170.95.[1]  We affirm.  The trial court should have appointed counsel before ruling on the motion, but given the record of conviction, the error was harmless.

## I.  BACKGROUND

In 2009, appellant fired several shots at a rival group outside a restaurant, killing one of their members.  He was convicted of second-degree murder with enhancements for personal use of a firearm and assault with a firearm.  (§§ 187, subd. (a), 245, subd. (a)(2), 12022.5, subd. (a), 12022.53, subds.

---

[1] Further references are to the Penal Code.

1

(b)–(d).) We affirmed the judgment in an unpublished opinion. (*People v. Robinson* (Oct. 8, 2013, A133703) [nonpub. opn.].)

After the judgment in appellant's case became final, the Legislature enacted Senate Bill 1437, which amended the law relating to accomplice liability for murder by eliminating the natural and probable consequences doctrine as a basis for finding an aider and abettor guilty of murder and by significantly narrowing the scope of felony-murder. (§§ 188, subd. (a)(3), 189, subd. (e)(3); *People v. Gentile* (2020) 10 Cal.5th 830, 842–843, (*Gentile*).) Section 188, subdivision (a)(3) now provides, "Except [for felony-murder liability] as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime.' " Under section 189, subdivision (e), a murder conviction under a felony murder theory is appropriate only when the defendant was the actual killer or an aider and abettor who acted with an intent to kill or was a "major participant in the underlying felony and acted with reckless indifference to human life." (§ 189, subd. (e)(1)–(3).)

Senate Bill 1437 also enacted section 1170.95, under which an individual convicted of murder based on the natural and probable consequences doctrine or the felony murder rule can petition the sentencing court to vacate the conviction and be resentenced on any remaining counts if a murder conviction would have been inappropriate because of Senate Bill 1437's changes to the definition of murder.

2

In 2020, appellant filed a petition for a writ of habeas corpus seeking to be resentenced under the provisions of section 1170.95. He argued that he was convicted of second-degree murder under an implied malice theory, a theory under which he could no longer be convicted because it allowed the jury to impute malice based on the commission of another crime.

The superior court construed the habeas petition as a petition for resentencing under section 1170.95, and denied that petition without first appointing counsel, holding an evidentiary hearing or calling for a response from the People. The court stated in its written order that the record of conviction established that appellant was convicted as the actual shooter and rejected the argument that implied malice was the equivalent of aiding and abetting liability under the natural and probable consequences doctrine. Appellant therefore had not established a prima facie case for entitlement to relief under section 1170.95.

## II.  DISCUSSION

Appellant argues that the court erred in denying the petition without appointing counsel and in considering the record of conviction in doing so. We conclude that while the court should have appointed counsel before considering the record of conviction, the court is not barred from considering the record on conviction in assessing whether the defendant made a prima facie case for relief, and that in light of the record here, the failure to appoint counsel was harmless.

3

In *People v. Lewis* (2021) 11 Cal.5th 952, 957, our Supreme Court resolved a split that had developed in the Courts of Appeal regarding the entitlement to counsel and consideration of the record of conviction under section 1170.95. The Court concluded that if the section 1170.95 petition contains all the required information, including a declaration that the petitioner was convicted of murder and is eligible for relief, the court must appoint counsel to represent the petitioner if requested. (*Ibid.*) It is only *after* the appointment of counsel and the opportunity for briefing that the superior court should consider whether the petitioner has made a prima facie showing of entitlement to relief, at which point the record of conviction may be considered. (§ 1170.95, subd. (c); *Lewis*, *supra*, 11 Cal.5th at p. 957, 970–971.)

The People agree that appellant's petition was facially sufficient and that the trial court erred in summarily denying it. But they argue that in this case the error was harmless. Under *Lewis*, the failure to appoint counsel when the defendant has filed a facially sufficient section 1170.95 petition is state law error only, reviewable for prejudice under the harmless error standard of *People v. Watson* (1956) 46 Cal.2d 818, 836. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974.) We ask whether it is " ' "reasonably probable that if [defendant] had been afforded assistance of counsel [the] petition would not have been summarily denied without an evidentiary hearing." ' " (*Ibid.*)

Had the trial court appointed counsel, it still would have been entitled to look to the record of conviction in determining whether a prima facie case for relief had been made. (*Lewis*,

4

*supra*, 11 Cal.5th at pp. 970–971.) The record of conviction included the abstract of judgment, the jury instructions and the appellate opinion following the original judgment,[2] which revealed: (1) The prosecution proceeded solely on the theory that appellant was the shooter; (2) appellant was found by the jury to have personally used a firearm; (3) the jury was not instructed on either felony murder or the natural and probable consequences doctrine; and (4) the jury was not instructed on any theory of aiding and abetting. Thus, the record of conviction would have established that appellant was ineligible for relief under section 1170.95 as a matter of law, and the appointment of counsel would not have changed this result. (*People v. Mancilla* (2021) 67 Cal.App.5th 854, 864 (*Mancilla*).)

In his petition below, appellant suggested that he had established a prima facie case for relief under section 1170.95 because he could have been convicted of murder under an implied malice theory. Appellant suggested that implied malice murder was equivalent to liability under the natural and probable consequences doctrine, which is now prohibited under Senate Bill 1437. Appellant does not explicitly pursue this claim on appeal, although he refers to it in his statement of appealability and his statement of the facts. The failure to state this argument under

---

[2] Although appellant argues the trial court could not consider the prior appellate opinion as part of the record of conviction in determining whether a prima facie case had been established, this argument was rejected in *Lewis*, at least so long as the trial court does not engage in " 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, *supra*, 11 Cal.5th at pp. 971–972.)

a separate heading or subheading forfeits the argument on appeal (*Consolidated Irrigation Dist. v. City of Selma* (2012) 204 Cal.App.4th 187, 201), but in any event the claim fails on the merits.

The jury was instructed on both express and implied malice: "There are two kinds of malice aforethought, express malice and implied malice. Proof of either is sufficient to establish the state of mind required for murder. [¶] The defendant acted with *express malice* if he intended unlawfully to kill. [¶] The defendant acted with *implied malice* if: [¶] 1. He intentionally committed an act; [¶] 2. The natural and probable consequences of the act were dangerous to human life; [¶] 3. At the time he acted, he knew his act was dangerous to human life; [¶] AND [¶] 4. He deliberately acted with conscious disregard for human life."

Although the "natural and probable consequences" language of the instructions is seemingly similar to the natural and probable consequences doctrine, these are two "distinctly different concepts." (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1056, abrogated on another ground by *Lewis*, *supra*, 11 Cal.5th at p. 967 (*Soto*)[3]; see also *Gentile*, *supra*, 10 Cal.5th at p. 850 [drawing distinction between defendant who personally possesses

---

[3] *Soto* was previously granted review and briefing was deferred pending the Court's decision in *Lewis*. On November 17, 2021, the Supreme Court dismissed review and remanded the matter back to the Court of Appeal. The order provides, "As specified by rule 8.1115(e)(2) of the California Rules of Court, pursuant to this order the Court of Appeal's opinion, filed July 9, 2020, which appears at 51 Cal.App.5th 1043, is non-citable and

6

implied malice and imputation of malice to aider and abettor under natural and probable consequences doctrine]; *Mancilla*, *supra*, 67 Cal.App.5th at p. 870 [defendant not entitled to relief under section 1170.95 when convicted of provocative act murder based on implied malice]; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1004, review granted Jan. 19, 2021 (S266031) [Senate Bill 1437 "removed the natural and probable consequences doctrine as a basis for a murder conviction only insofar as it applied to aider and abettor liability" and did not affect a direct perpetrator's liability for implied malice murder].)

To be convicted of murder, a direct perpetrator must act with express or implied malice. (*Soto*, *supra*, 51 Cal.5th at p. 1056–1058.) In contrast, an accomplice whose liability for murder is premised on the natural and probable consequences doctrine "need only intend to aid a different, less serious 'target' crime," the natural and probable consequence of which is murder. (*Id.* at p. 1057) Thus, an accomplice who was convicted of murder under the natural and probable consequences theory has had malice imputed based on the commission of another crime; a direct perpetrator of implied malice murder has not. (§ 188, subd. (a)(3).)

---

nonprecedential 'to the extent it is inconsistent with' our decision in *Lewis*." (*People v. Soto* (Nov. 17, 2021, No. S263939).) The principle for which *Soto* is cited here—that implied malice is not the equivalent of the natural and probable consequences doctrine for purposes of Senate Bill 1437—is not inconsistent with *Lewis*.

## III.  DISPOSITION

The judgment (order denying petition under section 1170.95) is affirmed.

_____

NEEDHAM, J.

We concur.

_____

SIMONS, Acting P. J.

_____

BURNS, J.

*People v. Robinson / A161994*

9